STATE OF NORTH CAROLINA v. CHAMUAL LARRY GREENLEE

No. 7528SC125

(Filed 7 May 1975)

**1. Narcotics § 4— possession and distribution of heroin**

    The State's evidence was sufficient for the jury in a prosecution for possession and distribution of heroin where it tended to show that an S.B.I. undercover agent gave defendant money to buy heroin and that defendant entered a residence and thereafter returned and delivered to the agent a glassine bag containing heroin.

**2. Narcotics § 3— events two days before transaction in question**

    In a prosecution for possession and sale of heroin, the trial court properly allowed an S.B.I. agent to testify that two days prior to the transaction in question the agent gave money to defendant for the purchase of heroin but that defendant did not deliver the heroin.

**3. Constitutional Law § 31— cover name of confidential informant**

    In a prosecution for possession and distribution of heroin, the trial court properly refused to require the disclosure of the cover name of a confidential informant where defendant failed to show that such information would be helpful or relevant to his case.

**4. Criminal Law § 121— failure to charge on entrapment**

    In a prosecution for possession and distribution of heroin, the trial court did not err in failing to charge on entrapment where the record shows the intent to commit the crimes originated in the mind of defendant and an S.B.I. undercover agent only offered defendant an opportunity to perpetrate the crimes.

ON writ of *certiorari* to review judgments of *Fountain, Judge,* entered 29 May 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 16 April 1975.

Defendant was charged in separate bills of indictment with (1) felonious possession of heroin and (2) distribution of heroin. He entered pleas of not guilty, was found guilty as charged, and from judgments imposing prison sentences of five years in each case, to run concurrently, he appealed.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Assistant Public Defender J. Robert Hufstader, for the defendant appellant.*

State v. Greenlee

BRITT, Judge.

Defendant assigns as error the denial of his motion for nonsuit. The evidence, viewed in the light most favorable to the State, tended to show:

[1]  On 27 November 1973, Ray Eastman, a special agent of the S.B.I., was working "undercover" in Buncombe County. On that date, as Eastman was seated in his car on the K-Mart parking lot, defendant approached Eastman's vehicle and asked if Eastman would like to buy some skag or heroin. Eastman indicated that he would and gave defendant $30 for three bags of heroin. Defendant left, but did not return with the heroin. On 29 November 1973 Eastman saw defendant who told Eastman he did not have the $30 but could buy him some skag for $12. They went to 35 Clingman Avenue, where Eastman gave defendant $12, defendant entered a residence and thereafter returned with and delivered to Eastman a glassine bag containing a white powdery substance which was later determined to be heroin and quinine. We hold that the evidence was sufficient to survive the motion for nonsuit.

[2]  Defendant contends in his second assignment of error that the court should not have allowed Eastman to describe the events that occurred on 27 November, two days prior to the actual delivery of heroin. The contention is without merit. It is well settled that every circumstance that is calculated to shed light upon the alleged crime is relevant and admissible if competent; and that proof of other offenses is competent when such proof tends to show *quo animo,* intent, or exhibit a chain of circumstances with respect to the offense in issue, and is so connected with the offense charged as to shed light on one or more of these questions. 2 Strong, N. C. Index 2d, Criminal Law, §§ 33-34, pp. 531, 536-7. The assignment is overruled.

[3]  In his third assignment of error defendant contends the court erred in not allowing his counsel to obtain the cover name of a confidential informant or the name he went by. This contension has no merit. We see no distinction between defense counsel's wanting the name of the informant and wanting the cover name. The burden is still upon the defendant to show that the information would be relevant or helpful to defendant's case. *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969). Defendant has failed to show that the cover name would be helpful or relevant in his case. The assignment is overruled.

[4] In his fifth assignment of error defendant contends the court erred in not charging on entrapment. The assignment has no merit. Our Supreme Court has held that entrapment is not a defense to a person, who has the intent and design to commit a crime originating in his own mind, and who does in fact commit all the essential elements constituting it, merely because an officer of the law, or another, in his effort to secure evidence against him for a prosecution, affords him an opportunity to commit the criminal act or purposely places facilities in his way or aids and encourages him in the perpetration of the crime which had its genesis in his own mind. *State v. Burnette*, 242 N.C. 164, 87 S.E. 2d 191 (1955). We have reviewed the record and hold that there was no evidence of entrapment. The intent originated in the mind of defendant and Eastman only offered defendant an opportunity to perpetrate the crime. The assignment of error is overruled.

With respect to defendant's remaining assignments of error, we have carefully reviewed them and find them also to be without merit. We hold that defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.